UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| TERESA PEREZ, individually, and on behalf of similarly situated consumers,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CREDIT BUREAU SERVICES OF IOWA, INC.,<br><br>　　　　　Defendant. | Case No.: 5:18-cv-104<br><br><br><br>CLASS ACTION COMPLAINT |

Plaintiff, Teresa Perez (hereinafter "Plaintiff"), by and through undersigned counsel, hereby alleges against Credit Bureau Services of Iowa, Inc. (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") and Tex. Fin. Code § 392.305.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1367, and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in San Antonio, Texas and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in the State of Texas, with its corporate headquarters located 1306 South 7th Street, Oskaloosa, IA 52557.

6. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

7. On a date better known by Defendant, Plaintiff incurred a debt for primarily personal, familial, and household use.

8. In an attempt to collect this debt from Plaintiff, Defendant mailed Plaintiff a dunning letter on February 15, 2017, attached hereto as Exhibit A.

9. The letter's heading bears the words "**Credit Bureau Services of Iowa, Inc.**" in bold letters and large font.

10. Upon information and belief, Defendant's entire business enterprise revolves exclusively around the collection of debts.

11. The belief stems from a review of Defendant's website. Defendant's website prominently discusses its debt collection activities and the reputation it has developed for debt collection. The website clearly states: "A trusted name in collection services."

12. In addition, further investigation showed that upon requesting of Defendant to provide credit information for compensation, Defendant stated that it was only a collection agency.

13. Upon information and belief, Defendant's corporation exclusively engages in the following activities:

    a. Receiving information from creditors concerning specific debts;

    b. Attempting to collect on those debts through various means; and

    c. Reporting on the status of those debts to the three main credit bureaus, Experian, Equifax, and TransUnion.

14. The Texas Financial Code limits the use of "credit bureau" in a business name to entities that meet the following definition:

> **§ 392.305. Deceptive Use of Credit Bureau Name.**
>
> **[A] person [who] is engaged in gathering, recording, and disseminating information, both favorable and unfavorable, relating to the creditworthiness, financial responsibility, and paying habits of, and similar information regarding, persons being considered for credit extension so that a prospective creditor can make a sound decision in the extension of credit; . . .**

15. After a review of Defendant's website – presumably its key marketing material - Defendant does not meet the elements of a credit bureau under the Texas code.

16. Notably, the website does not advertise, and provides no tool for, obtaining credit information from Defendant.

17. In fact, as a debt collector, Defendant is actually prohibited from disseminating consumer debts to third party purchasers.

18. Thus, upon information and belief, Defendant is not a credit bureau within the definition of Texas law.

19. As such, Defendant is prohibited from using "Credit Bureau" in the business name. Doing so is a violation of the Tex. Fin. Code.

20. The use of "Credit Bureau" is also false, deceptive, and misleading in violation of the FDCPA.

21. Defendant' letter is false, deceptive, and misleading because the letter falsely implies to the consumer that Defendant is one of the "Credit Bureaus" in order to influence Plaintiff into paying

the Debt. In other words, Defendant intentionally tries to convey to the consumer that it is one of the "Credit Bureaus" which directly affect his or her FICO credit score which lenders rely on in determining the consumer's credit worthiness.

22. While essentially any debt collector has the capability of hurting someone's credit by the furnishing of negative information to the "Credit Bureaus", Defendant's letter here implies more than that which any debt collector can do by calling itself a "Credit Bureau."

23. As a result, Plaintiff has suffered a concrete and particularized injury by being subject to Defendant's false and unjust representations, which violated Plaintiff's rights under the FDCPA.

24. Defendant has likely gained by its material by collecting debts from consumers that were deceived.

## CLASS ACTION ALLEGATIONS

### The Class

25. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

26. Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All consumers with a Texas address that have received collection letters substantially similar to Exhibit A from Defendant within one year prior to the filing of this complaint.**

27. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

28. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers in Texas, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical least sophisticated or unsophisticated consumer.

30. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

31. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

32. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

33. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

34. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

## **Proceeding Via Class Action is Superior and Advisable**

35. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

36. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

37. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

38. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

40. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

41. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

42. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

43. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

44. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

45. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
>
> **(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency.**

## COUNT II
## VIOLATION OF THE TEXAS FINANCIAL CODE

46. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

47. Defendant's false and deceptive use of the name "Credit Bureau" violates the below provision of the Texas Financial Code.

48. Tex. Fin. Code §392.305 provides:

> **§ 392.305. Deceptive Use of Credit Bureau Name.**
>
> **A person may not use "credit bureau," "retail merchants," or "retail merchants association" in the person's business or trade name unless:**
>
> **(1) The person is engaged in gathering, recording, and disseminating information, both favorable and unfavorable, relating to the creditworthiness, financial responsibility, and paying habits of, and similar information regarding, persons being considered for credit extension so that a prospective creditor can make a sound decision in the extension of credit; . . .**

WHEREFORE, Plaintiff, Teresa Perez, respectfully requests that this Court do the following for the benefit of Plaintiff:

  A. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

  B. Enter an Order for injunctive relief prohibiting such conduct in the future;

  C. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

  D. Enter judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

  E. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and,

8

  F. Enter judgment against Defendant for statutory and actual damages, pursuant to Tex. Fin. Code § 392.403 and Tex. Bus. & Com. Code § 17.50.

  G. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

49. Plaintiff demands a jury trial on all issues so triable.

Dated this 1st day of February, 2018.

         Respectfully Submitted,

         */S/ Daniel Zemel*
         Daniel Zemel
         Zemel Law LLC
         78 John Miller Way Suite 430
         Kearny, NJ 07032
         Tel: (862) 227-3106
         Email: dz@zemellawllc.com